IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN RAY WILKERSON     *

Plaintiff     *

v     *     Civil Action No. JFM-10-419

HANCOCK, *et al*.     *

Defendants     ***

## MEMORANDUM

Pending is defendants' response to the order to show cause why plaintiff' request for injunctive relief should not be granted. Paper No. 6. Plaintiff has filed a reply. Paper No. 7. At issue is plaintiff's allegation that he has been denied a kosher diet, forcing him to eat an inadequate diet.[1] Paper No. 1 and 4.

Kosher meal participation at Eastern Correctional Institution (ECI) is limited to 20 inmates due to the institutional kitchen space available for the preparation of kosher meals. Paper No. 6 at Ex. 1. Defendants state that plaintiff was removed from the kosher diet meal plan because he was observed by Sergeant Harmon passing food from his tray to another inmate and receiving turkey ham from the other inmate who was eating a non-kosher meal. *Id*. and Ex. 5. This conduct violates the directive governing the religious diet program which permits removal from the program of anyone observed consuming, purchasing, or trading any food item or beverage not authorized for the religious diet program. *Id*. Plaintiff was removed from the program for a period of 60 days. *Id*. at Ex. 6. With respect to plaintiff's health, defendants state that he has gained weight since his suspension from kosher meals and has told staff that he eats about once a day, surviving on water, bread, fruit, and milk. *Id*. at Ex. 10.

Plaintiff states that the kosher meals served contain non-kosher food items, making the

---

[1] The court issued a show cause order because plaintiff alleged he had been eating only bread and water for three months. Paper No. 1.

1

entire meal non-kosher. On the date in question plaintiff claims he was simply giving away non-kosher food that was on his tray to another inmate. He states he asked to be placed back on kosher meals after the 60-day suspension was over, but has been questioned about his religious sincerity and told there is now a waiting list to be placed back on the plan. Paper No. 7. As of the date of his reply, plaintiff was not on the kosher meal plan. Plaintiff makes no further allegations regarding any issues related to his health.

As a preliminary injunction affords an extraordinary remedy prior to trial relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that, he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ---, 129 S.Ct. 365, 374-376 (2008). For purposes of a preliminary injunction in the instant case, the primary concern was plaintiff's health. There appears to be no dispute, however, that plaintiff's health is not in jeopardy, and has not been compromised by his removal from the kosher meal plan. Plaintiff's request for preliminary injunction will, therefore, be denied.

Plaintiff also seeks injunctive relief with respect to the limitation of 20 inmates to the kosher meal plan under the Religious Land Use and Institutionalized Persons Act (RLUIPA). *See* 42 U.S.C. §2000cc-1(a), *see also Lovelace v. Lee*, 472 F. 3d 174 (4th Cir. 2006) (removal of inmate from Ramadan observance was substantial burden within meaning of RLUIPA). That claim shall go forward as set forth in the separate order which follows.

__May 14, 2010__                                  ____/s/_____
Date                                                        J. Frederick Motz
                                                               United States District Judge