# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN RAY WILKERSON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-10-419 |
| HANCOCK | * | |
| SHAFF | | |
| HARMON | * | |
| and KATHLEEN GREEN | | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM

Pending is defendants' motion for summary judgment. ECF No. 11. Plaintiff opposes the motion. ECF No. 21. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, the motion for summary judgment shall be granted.

### Background

Plaintiff alleged he was removed from the kosher meal plan and complained that Eastern Correctional Institution (ECI) limited to twenty the number of inmates permitted to be on the plan. ECF No. 1. Defendants explained that kosher meal participation at ECI was limited to 20 inmates due to the institutional kitchen space available for the preparation of kosher meals. ECF No. 6 at Ex. 1. This court directed that the issue regarding the limitation on the number of persons permitted to participate in the kosher meal plan be addressed by defendants in the context of the Religious Land Use and Institutionalized Person Act (RLUIPA). ECF No. 8 and 9.

Defendants state that plaintiff was placed on the list to receive Passover meals from

March 31 through April 6, 2010. ECF No. 11 at Ex. 1 and 2 On April 7, 2010, the kosher meal program was expanded to accommodate 40 inmates, double the capacity from the previous 20 inmate maximum. *Id*. at Ex 3. Defendants state they are able to accommodate more inmates because an additional kettle was purchased for kosher meal preparation. *Id*. Defendants also state that plaintiff was reinstated on the kosher meal plan on April 6, 2010, and began receiving kosher meals on April 9, 2010. *Id*. Finally, defendants state that currently there are 30 inmates receiving kosher meals at ECI, and there are no inmates on a waiting list to participate. *Id.* at Ex. 3.

Plaintiff does not deny that he is currently on the kosher meal plan, although he takes issue with how the food is prepared. ECF No. 21. In addition he claims others have been denied participation in the kosher meal plan, despite defendants' statement to the contrary. For this reason plaintiff claims there is a genuine dispute of material fact precluding summary judgment.

**Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

"To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997), *quoting Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). By his complaint plaintiff seeks injunctive relief requiring his enrollment in the kosher meal plan and expansion of the number of persons permitted to participate in the plan. ECF No. 1. Plaintiff is now enrolled in the kosher meal plan and the policy has been amended to accommodate more participants. Plaintiff's assertions that others have not been permitted[1] to

---

[1] "RLUIPA does not give prisoners an unfettered right to religious accommodation. Rather, the statute mandates 'due deference to the experience and expertise of prison and jail administrators.'" *Lovelace v. Lee,* 472 F.3d 174, 210 (4th Cir. 2006) *quoting Cutter v. Wilkinson,* 544 U.S. 709, 723 (2005). Additionally, RLUIPA does not preclude correctional officials' inquiry into the inmate's sincerity in a professed religion. *See e.g., Gillette v. United States*, 401 U.S. 437 (1971).

3

enroll in the kosher meal plan does not revive the controversy.² Accordingly, by separate order which follows, the complaint shall be dismissed as moot and the motion for summary judgment shall be granted.


___November 29, 2010____            __/s/_____
Date                                 J. Frederick Motz
                                     United States District Judge

---

² As a pro se litigant plaintiff may not assert the rights of others. *See Inmates v. Owens*, 561 F.2d 560, 563 (4th Cir. 1977).